IAN K. BOYD (SBN 191434)
iboyd@harveysiskind.com
MATTHEW A. STRATTON (SBN 254080)
mstratton@harveysiskind.com
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA  94111
Telephone:     (415) 354-0100
Facsimile:     (415) 391-7124

Attorneys for Plaintiff
INTEL CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| INTEL CORPORATION, a Delaware corporation,<br><br>      Plaintiff,<br><br>      vs.<br><br>AMERICAS NEWS INTEL PUBLISHING, LLC, a Florida limited liability company,<br><br>      Defendant. | Case No. C 09-5085 CRB<br><br>**PLAINTIFF INTEL CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:  March 5, 2010<br>Time:  10:00 a.m.<br>Courtroom:  Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

Page

ARGUMENT ..................................................................................................................................1

    I.    Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)................................1

        A.  Motions to Dismiss are Rarely Granted ..........................................................1

        B.  Intel Has Properly Pled the Necessary Elements for Each Claim ....................2

            1.  Intel Properly Pled its Claim for Federal Trademark Infringement ......3

            2.  Intel Properly Pled its Claim for False Designation of Origin .............3

            3.  Intel Properly Pled its Claim for Federal Trademark Dilution..............4

            4.  Intel Properly Pled Its Claim of Federal Cybersquatting ......................5

    II.   Intel Properly Pled Its State Law Causes of Action ................................................6

        A.  Intel Properly Pled Injury to Business Reputation
            and Dilution under Cal. Bus. & Prof. Code §14247..........................................6

        B.  Intel Properly Pled Infringement under Cal. Bus. & Prof. Code § 14245.........7

        C.  Intel Properly Pled Common Law Passing Off and Unfair Competition..........7

        D.  Intel Properly Pled Unfair Competition
            under Cal. Bus & Prof. Code § 17200................................................................8

    III.  Defendant Inappropriately and Incorrectly Argues the Merits
        of Intel's Claims, as Opposed to the Sufficiency of Intel's Pleading......................9

CONCLUSION .............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Allen v. The Ghoulish Gallery*
  2007 U.S. Dist. LEXIS 86224, 35-36 (S.D. Cal. Nov. 20, 2007) ................................................. 8

*AMF, Inc. v. Sleekcraft Boats*
  599 F.2d 341 (9th Cir. 1979) ....................................................................................................... 11

*Bank of the West v. Superior Court*
  2 Cal. 4th 1254 (Cal. 1992) ........................................................................................................... 8

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ...................................................................................................................... 2

*Bosley Med. Inst., Inc. v. Kremer*
  403 F.3d 672 (9th Cir. 2005) ........................................................................................................ 5

*Century 21 Real Estate Corp. v. Sandlin*
  846 F.2d 1175 (9th Cir. 1988) .................................................................................................. 3, 7

*Chern v. Bank of America*
  15 Cal. 3d 866 (1976) ................................................................................................................... 8

*DaimlerChrysler v. The Net Inc.*
  388 F.3d 201 (6th Cir. 2004) ........................................................................................................ 5

*Erickson v. Pardus*
  551 U.S. 89 (2007) ........................................................................................................................ 2

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*
  826 F.2d 837 (9th Cir. 1987) ........................................................................................................ 9

*Hall v. City of Santa Barbara*
  833 F.2d 1270 (9th Cir. 1986) ...................................................................................................... 2

*Helen of Troy, L.P. v. Zotos Corp.*
  235 F.R.D. 634 (W.D. Tex. 2006) ................................................................................................ 6

*J.B. Williams Co. v. Le Conte Cosmetics*
  523 F.2d 187 (9th Cir. 1975) ........................................................................................................ 9

*Jada Toys, Inc. v. Mattel, Inc.*
  518 F.3d 628 (9th Cir. 2008) .................................................................................................... 4, 6

*Lois Sportswear, USA, Inc. v. Levi-Strauss & Co.*
  799 F.2d at 867 (2d Cir. 1986) ..................................................................................................... 9

*Lone Star Indus, Inc. v. Horman Family Trust*
  960 F.2d 917 (10th Cir. 1992) ................................................................................................ 2

*Neitzke v. Williams*
  490 U.S. 319 (1989) ............................................................................................................ 10

*New West Corp. v. NYM Co. of Cal., Inc.*
  595 F.2d 1194 (9th Cir. 1979) .............................................................................................. 3

*Nike, Inc. v. Nikepal Int'l, Inc.*
  2007 U.S. Dist. LEXIS 66686 (E.D. Cal. Sept. 7, 2007) ................................................... 10

*O'Toole v. Northrop Grumman Corp.*
  499 F.3d 1218 (10th Cir. 2007) ............................................................................................ 6

*Pareto v. FDIC*
  139 F.3d 696 (9th Cir. 1998) ................................................................................................ 2

*Perfumebay.com Inc. v. eBay Inc.*
  506 F.3d 1165 (9th Cir. 2007) ............................................................................................ 10

*S. Christian Leadership Conf. v. Supreme Court*
  252 F.3d 781 (5th Cir. 2001) ................................................................................................ 2

*Sagana v. Tenorio*
  384 F.3d 731 (9th Cir. 2004) ................................................................................................ 2

*Scheuer v. Rhodes*
  416 U.S. 232 (1974) ....................................................................................................... 2, 11

*Smith v. Montoro*
  648 F.2d 602 (9th Cir. 1981) ................................................................................................ 4

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*
  477 F.3d 765 (2d Cir. 2007) ............................................................................................... 10

*Thane Int'l v. Trek Bicycle Corp.*
  305 F.3d 894 (9th Cir. 2002) ................................................................................................ 4

*United States v. Redwood City*
  640 F.2d 963 (9th Cir. 1981) ................................................................................................ 2

*Visa International Service Ass'n v. Jsl Corp.*
  533 F. Supp. 2d 1089 (D. Nev. 2007) ................................................................................ 10

*Walter v. Hughes Communs., Inc.*
  2010 U.S. Dist. LEXIS 5859 (N.D. Cal. Jan. 26, 2010) ...................................................... 6

## RULES

Federal Rule of Civil Procedure 8 ................................................................................................... 2

Federal Rule of Civil Procedure 8(a) ............................................................................................... 2

Federal Rule of Civil Procedure 12 ................................................................................................. 9

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ *passim*

Federal Rule of Civil Procedure 15 ............................................................................................... 12

## STATUTES

15 U.S.C. § 1114(1) ........................................................................................................................ 3

15 U.S.C. § 1114(1)(a) .................................................................................................................... 3

15 U.S.C. § 1125(a) ..................................................................................................................... 3, 4

15 U.S.C. § 1125(c) ........................................................................................................................ 5

15 U.S.C. § 1125(c)(1) ............................................................................................................. 6, 10

15 U.S.C. § 1125(d) ........................................................................................................................ 6

California Business & Professions Code §14245 ........................................................................... 7

California Business & Professions Code §14247 ....................................................................... 6, 7

California Business & Professions Code §14330 ........................................................................... 6

California Business & Professions Code §14340 ........................................................................... 7

California Business & Professions Code §17200 ........................................................................... 8

## TREATISES

J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*
  § 12:3 (4th ed. 2007) .................................................................................................................. 11

1   Americas News Intel Publishing, LLC's, d/b/a Latin Intel and Latin Intel Trade Center
2 ("Defendant") seeks to dismiss Intel's complaint as a matter of law under F.R.C.P. 12(b)(6).
3 Defendant's conclusory filing must meet a very high standard to succeed, and it fails to carry this
4 burden. That Defendant's own website uses Intel's trademarks in an unauthorized manner does not
5 help Defendant's cause.

6   Defendant does not like the allegations contained in Intel's complaint, so it asks the Court to
7 rule in its favor based on Defendant's own allegations. Yet this is a motion to dismiss under F.R.C.P.
8 12(b)(6). The law requires the Court to test the sufficiency of Intel's allegations – not those of
9 Defendant. Intel's allegations are to be construed in the light most favorable to Intel, not the light
10 most favorable to Defendant. Moreover, just as Defendant disputes Intel's claims, Intel disputes
11 Defendant's claims. Fortunately the discovery process produces an <u>evidentiary</u> record to ensure that
12 this matter is decided properly.

13   Defendant's motion merely and unnecessarily utilizes the resources of the Court and the
14 parties to argue its viewpoint of the merits in the underlying action. Defendant is free to disagree with
15 the claims alleged against it, as all defendants do, but it is not entitled to now be dismissed at such a
16 preliminary stage simply because it contends that Intel will not ultimately prevail.

17   Defendant's motion reflects a fundamental misunderstanding of the relevant standard. The
18 question here is not whether Intel will prevail, but rather whether it has alleged plausible facts which,
19 if proven, could entitle it to relief. The elements of each claim of Intel's complaint are well settled in
20 the law and present in Intel's pleading. The Court should deny Defendant's motion.

21 **ARGUMENT**

22 **I.     Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)**

23   **A. Motions to Dismiss are Rarely Granted**

24   Defendant asks the Court to dismiss Intel's complaint as a matter of law under F.R.C.P.
25 12(b)(6). By definition, it is an attempt to dispense of the case before any evaluation of the underlying
26 merits. Accordingly, Defendant's request for such extraordinary relief is viewed with disfavor.
27 "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's

28

-1-

assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Specific facts are unnecessary, as the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

In reviewing a Rule 12(b)(6) motion, the Court must evaluate the complaint on the assumption that all of its allegations are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555. The Court must further accept as true all reasonable inferences to be drawn from such allegations. *Pareto v. FDIC*, 139 F3d 696, 699 (9th Cir. 1998).

A well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." *Id.*, citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For that reason, a 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F2d 963, 966 (9th Cir. 1981). Accordingly, "it is axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). *See also Lone Star Indus, Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir. 1992) (same); *S. Christian Leadership Conf. v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001) (dismissals for failure to state a claim under 12(b)(6) are disfavored).

Defendant bears the burden of establishing that the Complaint fails to entitle Intel to any relief for any claim, all the while assuming that all of Intel's allegations as true. This Defendant cannot do.

### B. Intel Has Properly Pled the Necessary Elements for Each Claim

F.R.C.P. 8(a) establishes the concept of notice pleading. It requires only "that the complaint make a 'short and plain statement of the claim showing that the pleader is entitled to relief." *Sagana v. Tenorio,* 384 F.3d 731, 736 (9th Cir. 2004), and that such statement contain sufficient allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Intel's claims far exceed these liberal pleading requirements.

-2-

### 1. Intel Properly Pled its Claim for Federal Trademark Infringement

To state a claim for infringement of a registered trademark, Intel must allege that it owns one or more federal registrations for its marks; that its use of the those marks began before Defendant's use; that Defendant's use is without Intel's consent; and that Defendant's use is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or affiliation of Defendant's goods or services.  15 U.S.C. § 1114(1)(a).  *See Century 21 Real Estate v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988).

The Complaint makes factual allegations that address each of the elements above. Specifically, Intel pled: (1) "Intel is the owner of numerous U.S. trademark registrations for the mark INTEL, including the following…" (Complaint, ¶ 12); (2) "'INTEL' is the only distinctive element in defendant's name and marks, and is identical in sight and sound to the world famous INTEL trademark" (Complaint, ¶ 21); (3) Defendant "is using the AMERICAS NEWS INTEL PUBLISHING trade name, and LATIN INTEL and LATIN INTEL TRADE CENTER trademarks, in connection with the sale of its products and services" (Complaint, ¶ 26); (4) "without consent, and with knowledge of Intel's rights" (Complaint, ¶ 26); and (5) Defendant's use "has caused confusion and is likely to cause further confusion, or to cause mistake, or to deceive consumers or potential consumers" (Complaint, ¶ 31).

Given the above, even without including the additional detailed factual allegations made throughout the Complaint, Intel has properly pled the facts plausibly giving rise to its cause of action for federal trademark infringement under 15 U.S.C. § 1114(1).

### 2. Intel Properly Pled its Claim for False Designation of Origin

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), forbids the use of false designations of origin and false descriptions or representations in the advertising and sale of goods and services. *See New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1198 (9th Cir. 1979).

The statute provides in pertinent part as follows: Any person who shall affix, apply, or annex, or use in connection with any goods or services a false designation of origin, or any false designation or representation and shall cause such goods or services to enter into commerce shall be liable to a

civil action by any person who believes that he is or is likely to be damaged by the use of any such false designation or representation." *Smith v. Montoro*, 648 F.2d 602, 604 (9th Cir. 1981)

The Complaint addresses the elements described in the statute above.  Specifically, Intel pleads: (1) Defendant's "unauthorized use of the AMERICAS NEWS INTEL PUBLISHING trade name, and LATIN INTEL and LATIN INTEL TRADE CENTER trademarks, falsely suggests that its products and services are connected with, sponsored by, affiliated with, or related to Intel, and constitutes a false designation of origin" (Complaint, ¶ 34); (2) Defendant "targets consumers nationwide over its website, including consumers in California, and has consumers in this state" (Complaint, ¶ 7); and (3) "Intel has been, is now, and will be irreparably injured and damaged by Americas News Intel's aforementioned acts"  (Complaint, ¶ 35).

Intel has thus properly pled the facts establishing its cause of action for false designation of origin under 15 U.S.C. § 1125(a).

### 3. Intel Properly Pled its Claim for Federal Trademark Dilution

It is stunning, and quite telling, that Defendant devotes *less than one page* of its sixteen-page Motion to Intel's dilution claims.  While Defendant's Motion repeatedly focuses on the alleged (though not proven) disparity in the parties' respective goods and services, such a contention is irrelevant to a dilution claim.

"[I]nfringement is designed to protect against consumer confusion about the source of a product that may arise, inter alia, because a company uses a similar mark. Dilution, on the other hand, protects the distinctiveness of a particular mark *whether or not the products compete or consumer confusion exists*." *Thane Int'l v. Trek Bicycle Corp.*, 305 F.3d 894, 906 (9th Cir. 2002) (emphasis added).

"In order to prove a violation, a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

The Complaint makes factual allegations that address each of the elements head on. Specifically, Intel pled: (1) "[t]he INTEL mark … is a famous mark" (Complaint, ¶ 37); (2) Defendant's "unauthorized use of the AMERICAS NEWS INTEL PUBLISHING trade name, and LATIN INTEL and LATIN INTEL TRADE CENTER trademarks" (Complaint, ¶ 38) "targets consumers nationwide over its website, including consumers in California, and has consumers in this state" (Complaint, ¶ 7); (3) such use "began after Intel's mark had become famous" (Complaint, ¶ 38); and (4) Defendant has "diluted and [is] likely to continue diluting the famous INTEL mark" (Complaint, ¶ 39).[1]

Intel has thus properly pled facts establishing its trademark dilution cause of action under 15 U.S.C. Section 1125(c) and Defendant does not assert any substantive argument to the contrary.

### 4. Intel Properly Pled Its Claim of Federal Cybersquatting

Having devoted less than one page to Intel's dilution claims in its Motion, Defendant expends even less of an effort to address Intel's Anticybersquatting Consumer Protection Act ("ACPA") claim. In fact, it fails to address it at all. Accordingly, the Court should consider Defendant to have conceded the validity of Intel's ACPA cause of action, especially where Defendant's own website appears to be profiting in bad faith via sponsored click through links featuring unauthorized uses of Intel's trademarks. *See Request for Judicial Notice*, filed concurrently herewith.

In the Ninth Circuit, as elsewhere, a "trademark owner asserting a claim under the ACPA must establish the following: (1) it has a valid trademark entitled to protection; (2) its mark is distinctive or famous; (3) the defendant's domain name is identical or confusingly similar to, or in the case of famous marks, dilutive of, the owner's mark; and (4) the defendant used, registered, or trafficked in the domain name (5) with a bad faith intent to profit." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 681 (9th Cir. 2005) (citing *DaimlerChrysler v. The Net Inc.*, 388 F.3d 201, 204 (6th Cir. 2004)).

The Complaint alleges facts that address each of the elements described in the ACPA. Specifically, Intel pled: (1) "Intel is the owner of numerous U.S. trademark registrations for the mark

---

[1] Defendant concedes three of these four points in its Motion. Motion, 16:7-9.

INTEL… [that are] are valid, subsisting, and incontestable," (Complaint, ¶ 12); (2) "Intel's INTEL trademark is both distinctive and famous" (Complaint, ¶ 61); (3) the "domain names are identical or confusingly similar to Intel's INTEL trademark, and/or dilutive of Intel's INTEL trademark" (Complaint, ¶ 61); (4) Defendant "registered and/or used the http://www.latinintel.com and http://latinintel-tc.com domain names" (Complaint, ¶ 60); and (5) "with a bad-faith intent to profit from Intel's INTEL trademark" (Complaint, ¶ 60).

Intel has thus properly pled its federal cybersquatting cause of action under 15 U.S.C. Section 1125(d).  *Indeed, Defendant's website displays unauthorized web links promoting Intel's products.* Boyd Decl., ¶4.[2]

## II.   Intel Properly Pled Its State Law Causes of Action

Defendant also fails to contest Intel's California statutory and common law claims.  The Court should similarly consider the validity of these claims conceded by Defendant for purposes of its Motion.  Nonetheless, a review of the Complaint confirms that Intel has properly pled its state statutory and common law claims against Defendant.

### A.   Intel Properly Pled Injury to Business Reputation and Dilution under Cal. Bus. & Prof. Code §14247

In order to prove a violation of Section 14247, a plaintiff must show that (1) its mark is famous and distinctive; (2) the defendant is making use of plaintiff's mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc.*, *supra*, at 634 (citing 15 U.S.C. § 1125(c)(1) and Calif. Bus. & Prof. Code §14330).

---

[2] The Court may take judicial notice of such content at www.latinintel-tc.com. Generally, courts may take judicial notice of private websites not subject to reasonable dispute by the parties and capable of accurate and ready determination. *See Walter v. Hughes Communs., Inc.*, 2010 U.S. Dist. LEXIS 5859 (N.D. Cal. Jan. 26, 2010). *See also Helen of Troy, L.P. v. Zotos Corp.,* 235 F.R.D. 634 (W.D. Tex. 2006); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218 (10th Cir. 2007).

The Complaint makes factual allegations that address each of the elements described in the statute. Specifically, Intel pled: (1) "[t]he INTEL mark … is a famous mark" (Complaint, ¶ 37) and the "distinctive quality of the INTEL mark" (Complaint, ¶ 39); (2) Defendant's "unauthorized use of the AMERICAS NEWS INTEL PUBLISHING trade name, and LATIN INTEL and LATIN INTEL TRADE CENTER trademarks" (Complaint, ¶ 38) "targets consumers nationwide over its website, including consumers in California, and has consumers in this state" (Complaint, ¶ 7); (3) such use "began after Intel's mark had become famous" (Complaint, ¶ 38); and (4) Defendant has "diluted and [is] likely to continue diluting the famous INTEL mark" (Complaint, ¶ 39).

Intel has thus properly pled the facts establishing its cause of action for injury to business reputation and dilution under Calif. Bus. & Prof. Code §14247.

### B.   Intel Properly Pled Infringement under Cal. Bus. & Prof. Code § 14245

"California statutory trademark infringement is proved if anyone uses a mark that is identical with, or substantially indistinguishable from, a mark registered in the state, on or in connection with goods or services for which the genuine mark is registered." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) (citing Cal. Bus. & Prof. Code § 14340).

The Complaint alleges facts that address the elements above. Specifically, Intel pled: (1) Defendant's "unauthorized use of the AMERICAS NEWS INTEL PUBLISHING trade name" (Complaint, ¶ 47); (2) "'INTEL' is the only distinctive element in defendant's name and marks, and is identical in sight and sound to the world famous INTEL trademark" (Complaint, ¶ 21); (3) "Intel is also the owner of several California trademark registrations for the mark INTEL" (Complaint, ¶ 16); and (4) "in connection with the sale, offering for sale, distribution or advertising of its products and services" (Complaint, ¶ 47).

Intel has thus properly pled the facts underlying its cause of action for infringement under Calif. Bus. & Prof. Code §14245.

### C.   Intel Properly Pled Common Law Passing Off and Unfair Competition

"Common law unfair competition is considered either synonymous with 'passing off' one's goods as those of another, or analogous to passing off, by selling products confusingly similar to a

competitor's products so as to exploit the competitor's reputation in the market." *Allen v. The Ghoulish Gallery*, 2007 U.S. Dist. LEXIS 86224, 35-36 (S.D. Cal. Nov. 20, 2007).

The Complaint makes factual allegations that track each of the elements described in the statute. Intel pled: "Americas News Intel's unauthorized use of the AMERICAS NEWS INTEL PUBLISHING trade name, and LATIN INTEL and LATIN INTEL TRADE CENTER trademarks, constitutes passing off and unfair competition of the INTEL mark." Complaint, ¶ 51. Intel also makes the following specific factual allegations: (1) Defendant "offers for sale consulting services and newsletter subscriptions on business, economics, travel and politics in Mexico" (Complaint, ¶ 20); (2) "Intel is a world-famous company that develops, manufactures and sells a wide variety of computer, communications and Internet-related products and services" (Complaint, ¶ 8); (3) "AMERICAS NEWS INTEL PUBLISHING trade name and the LATIN INTEL and LATIN INTEL TRADE CENTER trademarks wholly incorporate and emphasize the INTEL trademark" (Complaint, ¶ 21); and (4) "'INTEL' is the only distinctive element in defendant's name and marks, and is identical in sight and sound to the world famous INTEL trademark" (Complaint, ¶ 21).

Intel has thus properly pled the facts establishing its cause of action for common law passing off and unfair competition.

### D. Intel Properly Pled Unfair Competition under Cal. Bus & Prof. Code § 17200

Under the statute, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…" Cal. Bus & Prof. Code § 17200. Further, "to state a claim under the act one need not plead and prove the elements of a tort. Instead, one need only show that 'members of the public are likely to be deceived.'" *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (Cal. 1992) (citing *Chern v. Bank of America*, 15 Cal. 3d 866, 876 (1976)).

Intel has done this. Intel pled: Defendant's "acts described above constitute unfair competition in violation of California Business and Professional Code § 17200 et seq., as they are likely to deceive the public." Complaint, ¶ 55.

-8-

PLAINTIFF INTEL CORPORATION'S OPPOSITION  CASE NO. C 09-5085 CRB
TO DEFENDANT'S MOTION TO DISMISS

### III.  Defendant Inappropriately and Incorrectly Argues the Merits of Intel's Claims, as Opposed to the Sufficiency of Intel's Pleading

Defendant's Motion expends a significant amount of time delivering its closing argument without the benefit of a full (or even partial) evidentiary record.  In essence, it seeks to dismiss Intel's claims based not on the applicable law governing a Motion to Dismiss under F.R.C.P. 12, but rather because:  (1) it is able to locate certain instances of the news media using the term "intel" to apparently describe military intelligence; (2) Defendant contends that its own trademarks (which are not generic) use the "INTEL" component in a generic fashion and that this interpretation "provides a far more plausible basis" (at least to Defendant) for understanding the facts than do the allegations set forth in Intel's complaint; a conclusion allegedly confirmed by (3) Defendant's conclusory and selective analysis of the fact-based likelihood of confusion factors.

This argument does not save the day for Defendant.  Its contentions are simply red herrings designed to distract the Court from the fundamental test on a 12(b)(6) motion.

Yet even after the parties have an opportunity to develop a full evidentiary record, Defendant's contentions will still be incorrect.  The proper inquiry for infringement is whether Defendant's use of its marks is likely to cause the relevant consumers to believe that Defendant is associated or affiliated with, or authorized by, Intel.

Intel has alleged, and Defendant does not dispute, that it is using INTEL as part of Defendant's trade name and trademarks.  Defendant is free to assert that the genesis of its selection of INTEL (which is the dominant term in all three of Defendant's purportedly non-generic marks) is not based on Intel's famous trademark, but Defendant's intent in selecting these INTEL-formative marks is also not the proper inquiry.[3]  It is the customer perception which controls.

---

[3] *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 846 (9th Cir. 1987) ("intent is largely irrelevant in determining if consumers likely will be confused as to source"(citing *Lois Sportswear, USA, Inc. v. Levi-Strauss & Co.*, 799 F.2d at 867, 875 (2d Cir. 1986)); see also *J.B. Williams Co. v. Le Conte Cosmetics*, 523 F.2d 187, 191 n.5, 6 (9th Cir. 1975), *cert. denied*, 424 U.S. 913 (1976) ("Neither actual confusion nor intent is necessary to a finding of likelihood of confusion").

1    This customer perception is something that cannot be decided here on a Motion to Dismiss. This is not an inquiry for Defendant (it is well aware that its use of its marks is not authorized by Intel) and Defendant's allegations regarding customer perception are irrelevant. It is likewise improper for the Court to answer this inquiry at this preliminary stage by substituting its judgment for that of the relevant marketplace. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations"). It is an inquiry for the trier of fact to decide after hearing evidence regarding the relevant customers, including evidence of instances of actual confusion and appropriate customer surveys.

Despite Defendant's attempt here to duck the entire discovery process, Intel is entitled to an opportunity to present its evidence and its case. For example, Intel is entitled take discovery as to why one of Defendant's websites has prominently featured unauthorized uses of Intel's trademarks.

Intel is also entitled to offer evidence that Defendant's use of such marks as LATIN INTEL is likely to dilute Intel's trademarks (Defendant concedes the INTEL mark is famous). Under federal dilution law, an owner of a "famous, distinctive mark" is entitled to an "injunction against the user of a mark that is 'likely to cause dilution' of the famous mark." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 477 F.3d 765, 766 (2d Cir. 2007) (per curiam) (quoting 15 U.S.C. § 1125(c)(1)). Dilution by blurring is likely when a non-famous mark, such as LATIN INTEL, wholly incorporates as an element a famous mark, such as INTEL. *See*, *e.g.*, *Perfumebay.com Inc. v. eBay Inc.*, 506 F.3d 1165 (9th Cir. 2007) (PERFUMEBAY likely to dilute EBAY); *Visa International Service Ass'n v. Jsl Corp.*, 533 F. Supp. 2d 1089 (D. Nev. 2007) (EVISA likely to dilute VISA); *Nike, Inc. v. Nikepal Int'l, Inc.*, 2007 U.S. Dist. LEXIS 66686 (E.D. Cal. Sept. 7, 2007)(NIKE diluted by NIKEPAL).

Despite Defendant's contention that it is using the mark INTEL "generically" just as the cited media outlets purportedly do for military intelligence, and its sky-is-falling cry that Intel seeks "to control the development of language and culture," the fact is that as a preliminary point none of the third-party media uses of "intel" cited by Defendant constitutes a <u>trademark</u> use.

While Plaintiff in no way concedes that "intel" is descriptive or that certain dictionary definitions are correct, fundamental trademark law and common sense dictate that even words found

-10-

in the dictionary are able to function as trademarks.  S*ee* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 12:3 (4th ed. 2007).  Consumers widely recognize brands such as APPLE®, CAMEL®, GAP®, COLT®, BLACKBERRY®, and SHELL®, to name just a few.  This does not mean when any of these trademark owners police their trademarks, as required by law, that they are "attempting to control the development of language and culture" nor that any third party is precluded from using these words.  However, it also does not mean that any third party has *carte blanche* to use these words as trademarks in whole or in part without challenge from a famous senior trademark holder who has invested billions of dollars over many decades in establishing and maintaining a wide scope of trademark rights.

Finally, Defendant attempts to prematurely and selectively evaluate certain factors in the likelihood of confusion analysis set forth in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979).  Motion at 10.  First, as noted above, a Motion to Dismiss for failure to state a claim only tests the sufficiency of the complaint—not its ultimate likelihood of success.  *See Scheuer v. Rhodes*, *supra*, at 236.  Second, Defendant's patchwork analysis consists primarily of conclusory statements, unsupported by evidence.  For example, Defendant's "analysis" asserts that "the marketing channels for these goods are entirely disparate," without any discussion (much less evidentiary record) whatsoever of the marketing channels at issue.  Such contentions can hardly be the basis of a motion for failure to state a claim.  Again, it is Intel's allegations, not Defendant's, which are to be viewed in the most favorable light and presumed true.

///

///

## CONCLUSION

As Defendant is well aware, Intel has properly stated its claims.[4] Its Complaint more than adequately sets forth the facts underlying the causes of action and far exceeds the requirements of notice pleading. Taking the Complaint's well pleaded and plausible assertions as true, as required on a 12(b)(6) motion, Intel is entitled to the requested relief. Therefore Defendant's Motion fails.

Tellingly, the crux of Defendant's Motion is not that Intel neglected to include any necessary elements in its claims for relief, but that Defendant does not believe that Intel will ultimately receive the requested relief. That is not the test.

Dated: February 12, 2010

Respectfully submitted,

HARVEY SISKIND LLP
IAN K. BOYD
MATTHEW A. STRATTON

By:  /s/
Ian K. Boyd

Attorneys for Plaintiff
INTEL CORPORATION

---

[4] Should the Court nonetheless dismiss all or part of any of Intel's claims, Intel requests leave to amend under F.R.C.P. 15.

-12-