# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

**STANDING ORDER FOR**
**UNITED STATES MAGISTRATE JUDGE LAUREL BEELER**
*(Effective June 2, 2010)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the local rules, the general orders, this standing order, and the Northern District's general standing order for civil cases titled "Contents of Joint Case Management Statement." Local rules, general orders, general standing orders, and a summary of the general orders' electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" or "ECF-PACER"). The parties' failure to comply with any of the rules and orders may be a ground for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

### A. CALENDAR DATES AND SCHEDULING

1. The criminal motions calendar is on the first and third Thursdays of the month at 9:30 a.m. The civil motions calendar is on the first and third Thursdays of the month at 11 a.m. Civil case management conferences are Thursdays at 1:30 p.m. and are not recorded unless a party is pro se or unless counsel requests recording.

2. Parties who notice motions under the local rules need not reserve a hearing date in advance if the date is available on the Court's on-line calendar (click "Calendars" at http://www.cand.uscourts.gov). Depending on its schedule, the Court may reset or vacate hearings.

3. For scheduling questions, please call Judge Beeler's courtroom deputy, Lashanda Scott, at (510) 637-3525.

### B. CHAMBERS COPIES

4. Under Civil Local Rule 5-1(b), parties must lodge an extra paper copy of any filing and mark it as a copy for "Chambers." Please three-hole punch the chambers copy.

**C. CIVIL DISCOVERY**

5. **Evidence Preservation**. After a party has notice of this order, it shall take the steps needed to preserve information relevant to the issues in this action, including suspending any document destruction programs (including destruction programs for electronically-maintained material).

6. **Production of Documents In Original Form**. When searching for documents and material under Federal Rule of Civil Procedure 26(a)(1) or after a Federal Rule of Civil Procedure 34(a) request, parties (a) should search all locations – electronic and otherwise – where responsive materials might plausibly exist, and (b) to the maximum extent feasible, produce or make available for copying and/or inspection the materials in their original form, sequence, and organization (including, for example, file folders).

7. **Privilege Logs**. If a party withholds material as privileged, *see* Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to or the Court sets another date. Privilege logs must contain the following: (a) the subject matter or general nature of the document (without disclosing its contents); (b) the identity and position of its author; (c) the date it was communicated; (d) the identity and position of all addressees and recipients of the communication; (e) the document's present location; (f) the specific privilege and a brief summary of any supporting facts; and (g) the steps taken to ensure the confidentiality of the communication, including an affirmation that no unauthorized persons received the communication.

8. **Expedited Procedures for Discovery Disputes.** The parties shall not file formal discovery motions. Instead, and as required by the federal rules and local rules, the parties shall meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. After attempting other means of conferring such as letters, phone calls, or emails, lead counsel for the parties must meet and confer **in person.** Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings shall alternate. Plaintiff's counsel shall select the first location, defense counsel shall select the second location, and so forth. If the parties do not resolve their disagreements through this procedure, the parties shall file a joint letter instead of a formal motion five days after lead counsels' in-person meet-and-confer. Lead counsel for both parties must sign the

letter, which shall (a) include an attestation that the parties met and conferred in person regarding all issues before filing the letter, (b) describe each unresolved issue, (c) summarize each party's position as to each issue with appropriate legal authority, and (d) provide each party's final proposed compromise as to each issue. The Court then will review the joint letter and determine whether future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the Court pursuant to Civil Local Rule 37-1(b).

### D. CONSENT CASES

9. In cases that are randomly assigned to Judge Beeler for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

### E. SUMMARY JUDGMENT MOTIONS

Motions for summary judgment shall be accompanied by a joint statement of the material facts that the parties agree are not in dispute. The joint statement shall include – for each undisputed fact – citations to admissible evidence. The parties shall comply with the procedures set forth in Civil Local Rule 56-1(b). The parties may not file – and the Court will not consider – separate statements of undisputed facts. Failure to stipulate to an undisputed fact without a reasonable basis for doing so may result in sanctions. *See* Civil L. R. 56-1(b).

IT IS SO ORDERED.

LAUREL BEELER
United States Magistrate Judge